IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RECEIVED
JUN 06 2022
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

Jorge Alonzo Reg#30321-047
Jaun Frausto B. Reg#81055-408
Bairo Cardona Perez Reg#37678-208
Daniel Ascencio Reg#20189-104
SalvadorHernandez Reg#225810509
Jose Ramirez Reg# 82408-279
Morales HPZ REg# 04767-380
Villobalbo Solorzana REg# 06341-480
Solis-Silvster Reg#69212-380
Jorge Guz REg#28565-078
Abel Sanchez Reg# 38096-013
David Diaz LAredo Reg# 13571-509
Juarez Jesus Reg# 65842-053
Robson Morales Reg# 34723-058
Johnny Cedevo Reg# 92154-054
Jose V Calleja Reg# 19207-509
Wil Gomez Reg#44366-509
Carlos Hernadez Reg#80803-280
Sixto Villegegas Reg# 21051-041
Osvaldo Armenta Reg#35277-509
Mardiveial Alanis Reg#78501-279
Sergio Medina Reg# 18200-208
Darvin Lopez Reg# 23266-408
Adria Rentena Reg# 35313-308
Juan Valencia Reg# 44532-179
Perez Xajil Pablo Reg# 00790-757
Javier Silerio Cardenas Reg# 95824-380
Jon Athan Mendez Reg#39374-379
Wiford Ortiz Reg#43658-007
Eduardo Banegas Ortiz Reg#33636-509
Pablo Rivera Martinez Reg# 24847-171
Alan Vasquez BAzet Reg# 08289-479
Luis Alvarado Ibarra Reg# 01157-479
Jose Barajas Reg# 17413-085
Ricard Gutierrez Reg#69257-379
Echeverria Elias Reg#17974-058
Villegas Alcantar Isreal Reg#15706-509
Vallinas-Cruz Juan Reg#47143-509
Javier Mendez Reg#55962-177
Jaron Calderon Reg# 94937-004
Baldenar Guadiana Reg#07511-509
Jesus Henandez Herrera Reg#18053-479
Juan Cabral Reg#86292-054
Jose Ortiz Reg# 64891-408
Ishias H C Reg# 16627-479
Mercede C A Reg#12323-069
Michael Rosas Reg# 27433-078
Johnathan Herrera Reg#53052-177
Mario Ovledo Reg# 56413-509
Eric Cheek Reg#17519-026
Walter Carroll Reg#15602-028
Abdiel Dejesus Reg#24371-509
Arthur Chapell Reg#34316-044
Sherwin Birkett Reg#21345-077

Case No :

[1]

```
Luis Pimentel Reg# 10863-094
Pastol Poueriet Reg# 03093-049
Genavo Sen Chan Reg#02255-479
Luis Degante Reg#27241-078
Alex Vasquez Londono Reg# 25807-509
Luis A. Suavez Reg# 21107-104
Luis Torres Reg# 40000-018
Jeremy Farley Reg# 17782-280
William Ray Reg#03281-104
Larry Moore Reg# 69326-509
Clifford Poque Reg# 56770-280
Keith Chapman Reg#03551-509
Marshall Lane Reg# 47535-177
James Hill Reg# 34094-045
Josue Gonzalez Reg#42281-479
Yuniel Sanchez Reg#18151-029
Osniel Munoz Foances Reg#27583-055
Jose Ceballos Reg#17858-104
Bentley Jenkins Reg#34007-177
Samuel Roy Abram
```

Plaintiff's

V.

Pollock FCI Warden and Pollock Federal Correctional Institute

Defendant

## MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

Comes now the plaintiff's moving this court to issue an injunction against Pollock FCI's practice of restricting and limiting the right's of the plaintiff's to use there funds for commissary due to cell phones and related paraphanelia being found in the posession of inmates and in the housing units. The plaintiff's move this court for an award of damages due to past violations of the plaintiff's right's. The plaintiff's move this court to issue an immediate order allowing the plaintiff's to patronize the commissary in order to spend the full spending limit consistent with the good order and security of the prison. The plaintiff's move this court to issue an order mandating that there be no retaliatory actions taken against the plaintiff's in any shape, form or fashion due to this petition.

DATE_____     X_____

JUAN FRAUSTO B

Daniel Ascencio
Salvador Hernandez

B.M. H   Samuel Roy Abram Benefica

5.5
Jorge C González
Elias, Echeverria
Javier Silerio
David Diaz Loredo
Jose Herrera
Ballinas - Juan
Pedro Gutierrez
Suarez Jesus
ABEL SANCHEZ
ISAIAS HERRERA
Carlos Hernandez
Luis Alvarado
Arturo Marcial
Walter L. Carroll
Eric Cheek
Sherwin L. Birkett
Bentley Jenkins
Osvaldo Armenta
Pastor A Poueliet

Adrian RH
Johnny cedeño
Alex Vargas J.

Jonathan

Sergio Medina
Pablo Rivera

Luis Gómez
Jose Chavara
O.V.
Luis Torres R

X _____
Pollock Federal Correctional Institue
PO Box 4050
Pollock, Louisiana 71467

[3]

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RECEIVED

JUN 0 6 2022

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

Jorge Alonzo Reg#30321-047
Jaun Frausto B. Reg#81055-408
Bairo Cardona Perez Reg#37678-208
Daniel Ascencio Reg#20189-104
SalvadorHernandez Reg#225810509
Jose Ramirez Reg# 82408-279
Morales HPZ REg# 04767-380
Villobalbo Solorzana REg# 06341-480
Solis-Silvster Reg#69212-380
Jorge Guz REg#28565-078
Abel Sanchez Reg# 38096-013
David Diaz LAredo Reg# 13571-509
Juarez Jesus Reg# 65842-053
Robson Morales Reg# 34723-058
Johnny Cedevo Reg# 92154-054
Jose V Calleja Reg# 19207-509
Wil Gomez Reg#44366-509
Carlos Hernadez Reg#80803-280
Sixto Villegegas Reg# 21051-041
Osvaldo Armenta Reg#35277-509
Mardiveial Alanis Reg#78501-279
Sergio Medina Reg# 18200-208
Darvin Lopez Reg# 23266-408
Adria Rentena Reg# 35313-308
Juan Valencia Reg# 44532-179
Perez Xajil Pablo Reg# 00790-757
Javier Silerio Cardenas Reg# 95824-380
Jon Athan Mendez Reg#39374-379
Wiford Ortiz Reg#43658-007
Eduardo Banegas Ortiz Reg#33636-509
Pablo Rivera Martinez Reg# 24847-171
Alan Vasquez BAzet Reg# 08289-479
Luis Alvarado Ibarra Reg# 01157-479
Jose Barajas Reg# 17413-085
Ricard Gutierrez Reg#69257-379
Echeverria Elias Reg#17974-058
Villegas Alcantar Isreal Reg#15706-509
Vallinas-Cruz Juan Reg#47143-509
Javier Mendez Reg#55962-177
Jaron Calderon Reg# 94937-004
Baldenar Guadiana Reg#07511-509
Jesus Henandez Herrera Reg#18053-479
Juan Cabral Reg#86292-054
Jose Ortiz Reg# 64891-408
Ishias H C Reg# 16627-479
Mercede C A Reg#12323-069
Michael Rosas Reg# 27433-078
Johnathan Herrera Reg#53052-177
Mario Ovledo Reg# 56413-509
Eric Cheek Reg#17519-026
Walter Carroll Reg#15602-028
Abdiel Dejesus Reg#24371-509
Arthur Chapell Reg#34316-044
Sherwin Birkett Reg#21345-077

Case No :

[1]

Luis Pimentel Reg# 10863-094
Pastol Poueriet Reg# 03093-049
Genavo Sen Chan Reg#02255-479
Luis Degante Reg#27241-078
Alex Vasquez Londono Reg# 25807-509
Luis A. Suavez Reg# 21107-104
Luis Torres Reg# 40000-018
Jeremy Farley Reg# 17782-280
William Ray Reg#03281-104
Larry Moore Reg# 69326-509
Clifford Poque Reg# 56770-280
Keith Chapman Reg#03551-509
Marshall Lane Reg# 47535-177
James Hill Reg#: 34094-045
Josue Gonzalez Reg#42281-479
Yuniel Sanchez Reg#18151-029
Osniel Munoz Foances Reg#27583-055
Jose Ceballos Reg#17858-104
Bentley Jenkins Reg#34007-177
Samuel Roy Abram

Plaintiff's

V.

Pollock FCI Warden
Defendant

MEMORANDUM OF LAW AND DECLARATION IN SUPPORT OF
PLAINTIFFS MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

---

Comes now the plaintiff's moving this court to issue an injunction against Pollock FCI's practice of restricting and limiting the right's of the plaintiff's to use there funds for commissary due to cell phones and related paraphanelia being found in the posession of inmates and in the housing units. The plaintiff's move this court for an award of damages due to past violations of the plaintiff's right's. The plaintiff's move this court to issue an immediate order allowing the plaintiff's to patronize the commissary in order to spend the full spending limit consistent with the good order and security of the prison. The plaintiff's move this court to issue an order mandating that there be no retaliatory actions taken against the plaintiff's in any shape, form or fashion due to this motion.

LAW AND ANALYSIS.

To get an injunction the plaintiff's must show that they do not have an adequate remedy at law which means that an award of damages or other relief will not adequately protect them. See Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381,112,S.Ct.2031(1992) The plaintiff's must also show that there is an actual danger of future violation of there right's.

[2]

Past violations by themselves will not entitle them to an injunction. See Farmer v. Brennan, 511 U.S. 825, 846, 114 S.Ct. 1970 (1994).

ARGUMENT.

The Federal Bureau of Prisons in Program Statement 5270.09 Inmate Discipline Program, Appendix C INMATE RIGHTS AND RESPONSIBILITIES, NO. 11 gives prisoners the right to use there funds for commissary and other purchases, consistent with the institution security and good order. (See Appendix C Attached). The Warden at Pollock FCI for the last four years has implimented the policy of restricting and or "limiting" the purchase of commissary due to cell phones being found in the prison.

These phones are found in the inmates posession or quarters. These inmates are taken to the special housing unit (if not overcrowded), sanctioned by the Disciplinary Hearing Officer (DHO) in accord with Program Statement 5270.09 and possibly referred to AUSA (Assistant United States Attorney) for prosecution. These prisoners recieve Due Process in regards to the contraband they are found in posession of however, the other prisoners most of the time are placed on a restriction or limitation without a incident report, investigation or hearing by the DHO.

This policy by the Warden does violate the very spirt of The Fifth Amendment of the United States of America and the Right guaranteed by the Federal Bureau of Prisons. (See Appendix C Supra) In Sandin v. Conner 515, U.S. at 484 the "deprivation of this liberty interest imposes an atypical and significant hardship in relation to the ordinary incidents of prison life". This invokes the Due Process Clause under the Constituion. This policy by the Warden has encouraged a prison enviroment in which there will only be relief from these commissary sanctions if someone "gives information to the staff about cell phones through the Wardens established crimestoppers hotline". This requirement has fostered inmate assaults, thievery and a speculative mindset due to the basic needs of the plaintiffs and prison population being deprived. The $20.00 (TWENTY UNITED STATES DOLLARS) limit at the commissary has not been sufficient to meet the basic needs of the plaintiff's and prison population.

The plaintiff's have shown that the "validity of this prison policy is not a valid one". (See Overto v. Bazzetta, 539 U.S. 126, 132 (2003). This prison has been reprimanded twice by the Office of Inspector General's office from Washington D.C. The Inspector General representative had to come to Pollock FCI to interview a prisoner due to the Wardens violation of this right.

[3]

EXHAUSTION REQUIREMENT.

Examining the issue of exhaustion, the plaintiff's are required to comply with the agency's deadlines and other critical procedural rules.....Jones v. Bock, 549 U.S. 199,216(2007). However in Ross v. Blake, the court identified three circumstances in which an administrative remedy would be considered "not available". 136 S.Ct.1850,1862(2016). First,"an administrative remedy procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end-with officers unable or consistently unwilling to provide any relief to the aggreived inmates".Id Next," an administrative scheme might be so opaque that it becomes, pratically speaking, incapable of use."Id. Finally, a remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation , or intimidation." Id.at 1860

On more than one ocassion the plaintiffs have filed BP-8's and BP-9's in accord with §542.013(a) and §542.14(a). The most recent time the plaintiff's filed these forms was when the Director of the BOP came to PollocK FCI. Staff came into D-3 Unit and agreed to start letting us shop without restriction's if the administrative remedies were dropped. There was no reason to think that the agreement was in bad faith so...the administrative remedies were dropped. Soon after the remedies were dropped the Warden then started to impliment this policy again so this machination and representation by the staff does render the administrative remedy process unavailable.

DAMAGES.

In general there is no right to a jury trial in injunctive cases.(See City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S.687,719,119 S.Ct.1624 1999). However the plaintiff's have brought both injunctive and damage claims so there is a right to a jury trial on the damage claim and the court must handle the case as to preserve that right. Though this usually means hearing the damage claims first.(See Beacon Theaters v. Westover, 359 U.S.500,510-11,79 S.Ct.948 This rule does not prevent a court from granting temporary (preliminary) injunctive relief pending a final disposition of all claims.(See Dairy Queen v. Wood,369 U.S. 469,479 n.20,82 S.Ct. 894(1962).

See also Monterey Supra:( The right of a jury trial is not eliminated, of course by virtue of the facts that, under our modern unified system, the equitable relief of an injunction is also sought".(Scalia J. concurring)).

[4]

CONCLUSION:

The plaintiff's will suffer "irreparable injury" without an injunction. The heart and soul of the Fifth Amendment is at stake here due to the Constitutional Right of the Fifth Amendment stating: "No person shall be held to answer for a capital or, otherwise infamous crime, unless on a presentment or indictment"et al The idea of being sanctioned for incidents without due process and being deprived of the right to patronize commissary will harm the plaintiff's.(See Winter v. Natural Resources Defense Concil, Inc.,129 S.Ct.at 375)

The plaintiff's will suffer more without an injunction than the Warden will suffer if the injunction is GRANTED. The plaintiffs and prison population have need's that the local commissary can further. The purchasing of legal material, hygeine, medicine, clothing, shoes for recreation, food due to the budget of the kitchen being cut and other items for nutritional needs that prisoner's have in light of the pandemic. Therefore the prisoner's interest in patronizing the commissary far outweigh the Wardens policy of punishing a Unit or prison due to cellphones being found.(Lambert v. Buss,498 F.ed 446, 452-53 (7th Cir. 2007).The balnce of hardships does favor the palintiff's.

The plaintiff's are likely to succeed on the merits of this case in the end. The very fact that the the plaintiff's Fifth Amendment Rights have been violated along with the right guaranteed by the Federal Bureau of Prisons to use their funds at commissary when the safety and orderly running of the prison has not been violated then the success of the plaintiff's claims should be heard by a jury.(See Gonzales v. O Centro Espirita Beneficiente Uniao do Vegetal, U.S 418,428,126 S.Ct 1211(2006).

It is in the public interest to grant the injunction because protecting the Constitutional Rights of the plaintiff's is always in the public's interest. The right of the plaintiff's to use their funds at commissary without the "quid pro qou" of having to provide information on illicit activities taking place on the compound or unit is in the public's interest to uphold. The Fifth Amendment also states that "No person shall be deprived of a liberty without due process". (See Phelps-Roper v. Nixon,545 F.3d 685,690(8th Cir. 2008)("...[I]t is always in the public interest to protect constitutional rights.'")

[5]

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c), Fed.R.Civ.P. However, the Plaintiff(s) are indigent prioner(s) and are unable to post security. The court has discretion to excuse an improverished litigant from posting security. Elliott v. Kiesewetter, 98 f.3d 47, 60 (3d. Cir. 1996)(stating that district courts have discretion to waive the bond requirement contained in R Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the[] equities weighs overwhelmingly in favor of the party seeking the injunction"); Moltan Co. v. Eagle-Pitcher Industries, Inc., 55 F.3d 1171, 1176 (6th Cir.,1995). In view of the serious violations of prisoner rights and danger faced by the plaintiff(s), the court should grant the relief requested without requiring the posting of security.

For the foregoing reasons, the court should grant the plaintiffs motion in all respects.

Pursuant to 28 U.S.C. § 1746, We declare under the penalty of perjury that the foregoing is true and correct.

[Signatures of multiple plaintiffs including: Juan Frausto B, Daniel Ascencio, Salvador Hernandez, Jorge C Gonzalez, Abdiel DeJesus, Eric Cheek, Bentley Jenkins, Sergio Medina, Osvaldo Armenta, Adrian RH, Johnny Cedeño, Jonathan, Alex Vasquez, Pablo Rivera, Luis Gomez, Jose Chavera, J.V., Luis Tolixc, Patel A Poueris, Elias Echeverria, Javier Silerio, David Diaz Loredo, Jose Herrero, Ballinas Juan, Pedro Gutierrez, Juarez Jesus, Abel Sanchez, Isaias HC, Carlos Hernandez, Josue Gonzalez, Luis Alvarado, Arturo Mancial, Walter L. Carroll, Sherwin α. Birkett, and others]

Date_____

X_____

Pollock FCI
PO BOX 4050
Pollock, Louisiana 71467

6

INMATE DISCIPLINE PROGRAM PROGRAM STATEMENT 5270.09
APPENDIX C. INMATE RIGHTS AND RESPONSIBILITIES

| | |
|---|---|
| cipate in the use of law library you in resolving legal problems. You also have the right to receive help when it is available through a legal assistance program. | use these resources in keeping with the procedures and schedule prescribed and to respect the rights of other inmates to the use of the materials and assistance. |
| 9. You have the right to a wide range of reading materials for educational purposes and for your own enjoyment. These materials may include magazines and newspapers sent from the | 9. It is your responsibility to seek and use such materials for your personal benefit, without depriving others of their equal rights to the use of this material. |
| | community, with certain restrictions. |
| 10. You have the right to participate in educational, vocational training, counseling, and employment programs as resources permit, and in keeping with your interests, needs, and abilities. | 10. You have the responsibility to take advantage of activities which will aid you to live a successful and law-abiding life within the institution and in the community. You will be expected to abide by the regulations governing the participation in such activities. |
| 11. You have the right to use your funds for commissary and other purchases, consistent with institution security and good order, for opening bank and/or savings accounts, | 11. You have the responsibility to meet your financial and legal obligations, including, but not limited to, DHO and court-imposed assessments, fines, |

30

pro;

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RECEIVED

JUN 06 2022

TONY R.
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

Jorge Alonzo Reg#30321-047
Jaun Frausto B. Reg#81055-408
Bairo Cardona Perez Reg#37678-208
Daniel Ascencio Reg#20189-104
SalvadorHernandez Reg#225810509
Jose Ramirez Reg# 82408-279
Morales HPZ REg# 04767-380
Villobalbo Solorzana REg# 06341-480
Solis-Silvster Reg#69212-380
Jorge Guz REg#28565-078
Abel Sanchez Reg# 38096-013
David Diaz LAredo Reg# 13571-509
Juarez Jesus Reg# 65842-053
Robson Morales Reg# 34723-058
Johnny Cedevo Reg# 92154-054
Jose V Calleja Reg# 19207-509
Wil Gomez Reg#44366-509
Carlos Hernadez Reg#80803-280
Sixto Villegegas Reg# 21051-041
Osvaldo Armenta Reg#35277-509
Mardiveial Alanis Reg#78501-279
Sergio Medina Reg# 18200-208
Darvin Lopez Reg# 23266-408
Adria Rentena Reg# 35313-308
Juan Valencia Reg# 44532-179
Perez Xajil Pablo Reg# 00790-757
Javier Silerio Cardenas Reg# 95824-380
Jon Athan Mendez Reg#39374-379
Wiford Ortiz Reg#43658-007
Eduardo Banegas Ortiz Reg#33636-509
Pablo Rivera Martinez Reg# 24847-171
Alan Vasquez BAzet Reg# 08289-479
Luis Alvarado Ibarra Reg# 01157-479
Jose Barajas Reg# 17413-085
Ricard Gutierrez Reg#69257-379
Echeverria Elias Reg#17974-058
Villegas Alcantar Isreal Reg#15706-509
Vallinas-Cruz Juan Reg#47143-509
Javier Mendez Reg#55962-177
Jaron Calderon Reg# 94937-004
Baldenar Guadiana Reg#07511-509
Jesus Henandez Herrera Reg#18053-479
Juan Cabral Reg#86292-054
Jose Ortiz Reg# 64891-408
Ishias H C Reg# 16627-479
Mercede C A Reg#12323-069
Michael Rosas Reg# 27433-078
Johnathan Herrera Reg#53052-177
Mario Ovledo Reg# 56413-509
Eric Cheek Reg#17519-026
Walter Carroll Reg#15602-028
Abdiel Dejesus Reg#24371-509
Arthur Chapell Reg#34316-044
Sherwin Birkett Reg#21345-077

Case No :

[1]

Luis Pimentel Reg# 10862-004
Pastol Poueriet Reg# 03093-049
Genavo Sen-Chan Reg#02255-479
Luis Degante Reg#27241-078
Alex Vasquez Londono Reg# 25807-509
Luis A. Suavez Reg# 21107-104
Luis Torres Reg# 40000-018
Jeremy Farley Reg# 17782-280
William Ray Reg#03281-104
Larry Moore Reg#. 69326-509
Clifford Poque Reg# 56770-280
Keith Chapman Reg#03551-509
Marshall Lane Reg# 47535-177
James Hill Reg#. 34094-045
Josue Gonzalez Reg#42281-479
Yuniel Sanchez Reg#18151-029
Osniel Munoz Foances Reg#27583-055
Jose Ceballos Reg#17858-104
Bentley Jenkins Reg#34007-177
Samuel Roy Abram

Plaintiff's
Pollock Federal Correctional Institute
PO BOX 4050
Pollock, Louisiana 71467

V.

Warden of Pollock FCI and Pollock Federal Correctional Institute
1000 Airbase Road
Pollock, Louisiana 71467

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Upon the plaintiff's supporting declaration and memorandum of law it is ORDERED that defendants Warden of Pollock FCI and Pollock Federal Correctional Institute show cause in room 105, of the United States Courthouse, 515 Murray Street, Alexandria, Louisiana 71301 on the ___ day of June, 2022 why a preliminary injunction should not issue pursuant to Rule 65(a), Fed.R.Civ.P., enjoining the said defendants, their successors in office, agents and employees and all other persons acting in concern and participation, that the plaintiffs have immediate access to use their funds at the commissary located at Pollock FCI in accordance with the national spending set by the Federal Bureau of Prisons.

IT IS FURTHER ORDERED THAT effective immediately and pending the hearing and determination of this matter, defendants Warden of Pollock FCI and Pollock Federal Correctional Institute shall: CEASE AND DESIST the policy and or practice of limiting or restricting the plaintiffs right to use their funds at commissary according to the Federal Bureau of Prisons national limit.

[2]

IT IS FURTHER ORDERED that this order to show cause, and all other papers attached to this application, shall be served on defendants Warden of Pollock FCI and Pollock Federal Correctional Institute by June 8th, 2022 and the United States Marshall Service is hereby directed to effectuate such service.

Done in Chambers this _____ day of June, 2022.

_____
UNITED STATES DISTRICT COURT JUDGE

[3]