a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| JORGE ALONZO ET AL #30321-047, Plaintiff | CIVIL DOCKET NO. 1:22-CV-01588 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WARDEN FEDERAL CORRECTIONAL INSTITUTE POLLOCK MEDIUM ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Pro se Plaintiff Jorge Alonzo ("Alonzo") filed a motion for injunctive relief asking that the Court lift commissary restrictions imposed by the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock").  Seventy-three other prisoners at FCI-Pollock are listed on the Complaint as Co-Plaintiffs.

The Local Rules of this Court provide: "Each pro se prisoner shall file a separate complaint alleging a violation of [his or her] civil rights."  L.R. 3.2 (W.D. La.).  Justification for Local Rule 3.2 lies, in part, in the Prison Litigation Reform Act ("PLRA"), which provides, "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee."  28 U.S.C. § 1915(b)(1).

Prisoners cannot evade the plain language of the Act, and the clear intent of Congress, by the simple expedient of filing multi-party actions, hoping thereby to gain the benefits of litigation without paying the full fee required by the Act. For example, if the present case were filed as requiring a single filing fee, and this fee was apportioned equally among the nine named plaintiffs, each plaintiff would be liable for [a fraction of the filing fee]. This does not comport with the plain language of 28

1

U.S.C. § 1915(b)(1), which says that "if a prisoner brings a civil action ... the prisoner shall be required to pay the full amount of a filing fee." *Dukes v. Unnamed Defendant*, 18-CV-1184, 2019 WL 847746, at *4–5 (W.D. La. Jan. 28, 2019), *report and recommendation adopted*, 2019 WL 846058 (W.D. La. Feb. 21, 2019).[1]

Additionally, "the impracticalities and inherent difficulties of allowing" the signatories "to proceed jointly necessitate" severing each signatory's claims. *Beaird v. Lappin*, 2006 WL 2051034, at *4 (ND. Tex. July 24, 2006) (detailing the impracticalities and difficulties).

Therefore, to the extent each putative Plaintiff wishes to proceed with a claim in this Court, he must do so separately, alleging violations of his constitutional rights only and either paying his own filing fee or filing his own application to proceed in forma pauperis.

Accordingly, IT IS ORDERED that the Clerk of Court SEVER the putative Plaintiffs from this proceeding.  The Clerk of Court is further instructed to open a

---

[1] Citing *Jenkins v. Livingston*, 2010 WL 1740785, at *1-2 (E.D. Tex. Jan. 14, 2010), *report and recommendation adopted*, 2010 WL 1740784 (E.D. Tex. Apr. 29, 2010); *see Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file suits. . . .  We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.") (quotation marks and quoted source omitted); *Jackson v. Stinnett*, 102 F.3d 132, 136-37 (5th Cir. 1996) ("The fee provisions of the PLRA were designed to deter frivolous prisoner litigation in the courts by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.") (internal quotation marks and quoted source omitted).

new proceeding for each putative Plaintiff and mail each an application to proceed in forma pauperis and a *Bivens*[2] Complaint form.

SIGNED on Wednesday, June 15, 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.